## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

---------------------------------------------------------------------------------------------------

| | |
|---|---|
| **ROQUE "ROCKY" DE LA FUENTE** | : |
| | : **Civil Acton #**_____ |
| **Plaintiff,** | : |
| | : |
| **vs.** | : |
| | : |
| **BRAD RAFFENSPERGER, in his official** | : |
| **capacity as the Secretary of State of the State** | : |
| **of Georgia,** | : |
| | : |
| **Defendant.** | : |

_____

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.     Plaintiff, ROQUE "ROCKY" DE LA FUENTE by and through his undersigned legal counsel, file this civil action pursuant to 42 U.S.C. § 1983 for prospective equitable and declaratory relief against Defendant, BRAD RAFFENSPERGER, made a party to this action in his official capacity as the Secretary of State for the State of Georgia and as the chief elections official charged with enforcement of Georgia Election Code, O.C.G.A. § 21-2-193 (2010) which Plaintiff alleges violate rights guaranteed to him under the presidential Qualifications Clause of Article II and the First and Fourteenth Amendments to the United States Constitution.

**JURISDICTION**

2.      Jurisdiction lies in this Court under 28 U.S.C. § 1331, providing that the district courts of the United States shall have original jurisdiction of all civil actions arising under the Constitution of the United States.

3.      Moreover, jurisdiction lies under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a), the jurisdictional counterpart of 42 U.S.C. § 1983 as Plaintiff alleges violation of rights guaranteed to him under the United States Constitution.

**VENUE**

4.      Venue is proper in the United States District Court for the Northern District of Georgia under 28 U.S.C. § 1391 as Defendant exercises his statutory authority as the chief elections official of the State of Georgia within this district, maintains official offices within this district and all of the events and/or omissions giving rise to the claims advanced in this litigation occurred in this district.

**PARTIES**

5.      Plaintiff Roque "Rocky" De La Fuente, is a registered voter and a member of the Republican Party and is a declared candidate for the 2020 presidential nomination of the Republican National Convention.  Plaintiff registered as a presidential candidate seeking thee 2020 Republican Party presidential nomination with the Federal Elections Commission (hereinafter "FEC") on May 16, 2019.  Plaintiff De La Fuente's FEC presidential identification

number is P60016342.  As a candidate for the 2020 Republican Party presidential

nomination, Plaintiff De La Fuente intends to secure ballot access to Georgia's

2020 Republican presidential primary election seeking to contest for Georgia's 76

delegates and 76 alternate delegates to the 2020 Republican National Convention.

Plaintiff De La Fuente is a resident of San Diego county in the State of California.

6.      Plaintiff De La Fuente is over the age of 35, is a natural born citizen

of the United States of America, having been born in San Diego, California and

has been a continual resident of the United States for over 35 years.

7.      Plaintiff De La Fuente satisfies all of the qualifications enumerated

under the Presidential Qualification Clause of Article II, section 1, clause 5 of the

United States Constitution.

8.      Defendant Brad Raffensperger, in the Secretary of State of the State of

Georgia and is made a party to this action in his official capacity as the official

charged with enforcement of the Georgia Election Code, O.C.G.A. § 21-2-193

(2010) which imposes an additional qualification beyond the exclusive list

enumerated in the Presidential Qualification Clause of Article II, section 1, clause

5 of the United States Constitution preventing Plaintiff De La Fuente from

securing access to Georgia's 2020 Republican Party presidential primary election

ballot.

## FACTUAL ALLEGATIONS

9.      The Presidential Qualification Clause of Article II, Section 1, Clause 5 of the United States Constitution provides the exclusive list of qualifications for an individual to be eligible to seek the Office of President of the United States.

10.      Article II, section 1, clause 5 of the United States Constitution provides that:

> No person except a natural born Citizen, or a Citizen of the United States, at the time of the Adoption of this Constitution, shall be eligible to the Office of President; neither shall any person be eligible to that Office who shall not have attained to the Age of thirty five Years, and been fourteen Years a Resident within the United States.

11.      Further, the United States Constitution provides the exclusive list of methods by which a person otherwise eligible for the Office of President may be disqualified to hold the Office of President under the following constitutional provisions:

(a)      Article I, section 3, clause 7;

(b)      Fourteenth Amendment, section 3;

(c)      Twenty-Second Amendment.

12.      Plaintiff De La Fuente satisfies the constitutional requirements to hold the Office of President of the United States.

13.      Plaintiff De La Fuente is not otherwise disqualified by any constitutional provision from holding the Office of President of the United States.

14.     No provision of the United States Constitution provides any authority for the State of Georgia to impose additional requirements on eligible citizens to hold the Office of President that are not tethered to a State's legitimate interest to maintain an orderly ballot or properly regulate Georgia's election machinery.

15.     Plaintiff De La Fuente is one of only two candidates challenging President Trump for the 2020 Republican presidential nomination to have qualified for every 2020 state presidential primary election ballot where candidates have been permitted to secure ballot access without the imposition of additional qualifications such as the approval of party executive committees.

16.     Georgia Election Code, O.C.G.A. § 21-2-193 (2010) provides that candidates seeking the 2020 Republican presidential nomination may only appear on Georgia's presidential primary election ballot if:

> "The state executive committee of each party which is to conduct a presidential preference primary shall submit to the Secretary of State a list of the names of the candidates of such party to appear on the presidential preference primary ballot...."

17.     On October 23, 2019, Plaintiff sent a letter to Defendant and Atorney General Christopher M. Carr, attached hereto as Exhibit A, requesting that they review the constitutionality of Georgia Election Code, O.C.G.A. § 21-2-193 (2010) under the presidential Qualifications Clause of Article II, Section 1, Clause 5 of the United States Constitution and a written guarantee that the challenged provision would not be enforced against Plaintiff.

18.     To date, neither the Defendant nor the Attorney General responded to

Plaintiff's October 23, 2019 letter.

19.     The Georgia presidential primary election is a taxpayer funded

election contest.

20.     Georgia Election Code, O.C.G.A. § 21-2-193 (2010) is not a provision

which tests whether or not a candidate as a modicum support within the electorate

to secure access to Georgia's presidential primary election ballot.  The challenged

provision simply imposes an additional qualification that a small number of party

insiders declare who shall be qualified to be placed on Georgia's presidential

primary election ballot beyond the exclusive list of qualification enumerated in

Article II, Section 1, Clause 5 of the United States Constitution.

21.     There has been a concerted effort to deny any challenger to President

Trump's campaign to secure the 2020 RNC nomination  access to state funded

primary election ballots.

22.     For instance, the Minnesota Republican Party has admitted a

coordinated effort with the Trump campaign to block any other candidate for the

2020 Republican Party nomination from securing access to the 2020 Minnesota

Republican presidential primary election ballot.  In Minnesota, the Minnesota

Republican Party refused to submit the name of any other presidential candidate to

the Minnesota Secretary of State to be included on Minnesota's 2020 presidential primary election ballot.

23.    Based on information and belief, Plaintiff De La Fuente contends that the Georgia Republican Party intends follow Minnesota's strategy of blocking any other challenger to President Trump's path to the 2020 Republican Party nomination and block Plaintiff access to the 2020 Georgia presidential primary election ballot.

24.    The mechanics of the Party blocking Plaintiff from the Georgia 2020 Republican presidential primary election ballot is already in full swing.

25.    Plaintiff De La Fuente has complied with every request of the Georgia Republican Party to secure ballot access to Georgia's 2020 presidential primary election ballot, but has not received any confirmation that he will be included on the party's list to be sent to Defendant Raffensperger.

26.    On October 28, 2019, Plaintiff De La Fuente fully complied with the request of the Georgia Republican Party (hereinafter the "Party") to execute a "Letter of Intent" and provide specific information to the Party to assist the Party in forwarding Plaintiff's name to the Defendant to be included on the Georgia 2020 Republican presidential primary election ballot.

27.    On or about November 14, 2019, the Party made further demands on Plaintiff in order for the Party to consider placing his name on Georgia's 2020

primary ballot, including demanding detailed information on Plaintiff's Georgia

campaign supporters and fundraising that failed to provide any confidentiality

agreement by the Party such that any further information provided y Plaintiff to the

Party could be used against Plaintiff's campaign in any way the Party saw fit,

including turning the information over to the Trump campaign to permit that

campaign to harass Plaintiff's campaign supporters in Georgia.

28.     Accordingly, the challenged provisions of O.C.G.A. § 21-2-193

(2010) subject challengers for the 2020 Republican Party nomination to arbitrary

and capricious demands by rival and contending factions within the Georgia

Republican Party in excess of ballot access restriction that Defendant may

constitutionally enforce and exceeds the limited qualifications for presidential

candidates established under the presidential Qualifications Clause.

29.     Plaintiff De La Fuente needs to be able to make concrete plans to

launch his campaign for Georgia's 76 delegates and alternate delegates to the 2020

RNC.

30.     Plaintiff De La Fuente intends to associate with the Republican voters

of Georgia to provide them the opportunity to elect delegate and alternate delegates

to nominate a candidate free from the stain of impeachment proceedings and a

radically altered political terrain that is likely to take shape of the next several

months.

31.     The requirement of Georgia Election Code, O.C.G.A. § 21-2-193 (2010) that Plaintiff De La Fuente's access to Georgia's Republican presidential primary election ballot is conditioned of being deemed qualified by the executive committee of the Georgia Republican Party violation rights guaranteed to Plaintiff under the presidential Qualification Clause of Article II, section 1, clause 5 of the United States Constitution.

32.     The challenged statute is not designed to avoid ballot clutter or promote a more manageable ballot.

33.     The challenged statute is not designed to force, or even permit, a candidate to show any threshold of public support to secure access to the 2020 Georgia Republican presidential primary ballot.

34.     The challenged statute is not designed to promote an orderly or well-regulated election process.

35.     Georgia Election Code, O.C.G.A. § 21-2-193 (2010) applies to no other candidate nomination process in Georgia.

36.     In all other candidate nominations, candidates secure access to the Georgia primary election ballot through the collection and timely filing of petitions signed by qualified Georgia electors demonstrating that the candidate enjoys a modicum of support within the electorate sufficient to warrant ballot access and protect the state's interest in preventing ballot clutter.

37.    Georgia has a diminished state interest in regulating the presidential primary election ballot because the presidential primary and general elections are the only elections conducted within Georgia which are decided outside the borders of the State.

38.    The United States Supreme Court in *Anderson v. Celebrezze*, 460 U.S. 780 (1983), established that a state may not impose its most stringent ballot access restrictions to prevent ballot access for presidential candidates.

39.    The challenged statute's only purpose is to prevent otherwise eligible citizens from being able to contest for the Office of President in their party's primary election who are not provided permission by a small number of party officials.

40.    The Presidential Qualification Clause of Article II, Section 1, Clause 5 of the United States Constitution was included precisely to prevent an ever-escalating set of differing state requirements for presidential candidates.

41.    The challenged statute strikes at the very heart of the constitutional framework establishing a unified set of requirements that a citizen must satisfy to contest for the Office of President of the United States in America's only national election.

42.    The challenged statute is not an internal Republican or Democratic Party rule.

43.     The challenged statute does not prevent "party raising" to protect the associational rights of political parties.

44.     Defendant's threatened enforcement of the challenged statute is the direct and proximate cause of Plaintiff's constitutional injury.

45.     Plaintiff's injuries are the direct and proximate result of Defendant's enforcement of Georgia Election Code, O.C.G.A. § 21-2-193 (2010) against Plaintiff.

46.     Plaintiff has no other remedy available at law.

## COUNT I
(As-Applied Challenge – Violation of Presidential Qualification Clause)

47.     Plaintiff reasserts each preceding paragraph as if set forth fully herein.

48.     Georgia Election Code, O.C.G.A. § 21-2-193 (2010) imposes the additional qualification on citizens otherwise qualified to hold the Office of President of the United States that they receive the permission of their political party to appear on Georgia's 2020 tax-payer funded presidential primary election ballot.

49.     The Presidential Qualification Clause of Article II, section 1, clause 5 of the United States Constitution enumerates the exclusive qualification to hold the Office of President of the United States.

50.     Accordingly, Georgia Election Code, O.C.G.A. § 21-2-193 (2010) imposes an additional qualification on Plaintiff, who is otherwise qualified under

the presidential Qualifications Clause to secure access to the Georgia's 2020

primary election ballot in violation of rights guaranteed to Plaintiff De La Fuente

under Article II, section 1, clause 5 of the United States Constitution for which

Plaintiff requests emergency preliminary and permanent declaratory and injunctive

relief against Defendant's threatened enforcement of O.C.G.A. § 21-2-193 (2010).

## COUNT II
(As-Applied Challenge – Impairment of Plaintiffs' Rights Under the First &
Fourteenth Amendments to the United States Constitution)

51.     Plaintiff reasserts each preceding paragraph as if set forth fully herein.

52.     Georgia Election Code, O.C.G.A. § 21-2-193(2010) imposes an

additional requirement for presidential candidates to secure access to Georgia's

Republican presidential primary election ballot that make it impossible for

presidential candidates to associate with Georgia Republican voters to solicit their

public support to secure access to Georgia's 2020 Republican presidential primary

election ballot.

53.     Georgia Election Code, O.C.G.A. § 21-2-193 (2010) prevents access

to Georgia's Republican presidential primary election ballot to candidates who can

demonstrate a significant modicum of support necessary to require ballot access.

54.     Georgia Election Code, O.C.G.A. § 21-2-193 (2010) imposes

Georgia's most severe ballot access restrictions on presidential candidates.

55.     Georgia Election Code, O.C.G.A. § 21-2-193 (2010) prevents Plaintiff

from associating with Georgia Republican voters to select delegate and alternate

delegates to the 2020 Republican National Convention for presidential candidates

free from the political stain of impeachment proceedings.

56.     Georgia Election Code, O.C.G.A. § 21-2-193 (2010) exceeds ballot

access requirements permitted under the First and Fourteenth Amendments to the

United States Constitution.

57.     Accordingly, Georgia Election Code, O.C.G.A. § 21-2-193 (2010)

violates rights guaranteed to Plaintiff and the Republican voters of Georgia under

the First and Fourteenth Amendments to the United States Constitution for which

Plaintiff requests emergency preliminary and permanent declaratory and injunctive

relief against Defendant's continued enforcement of Georgia Election Code,

O.C.G.A. § 21-2-193 (2010).

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

(A)     Enter emergency preliminary injunctive relief against Defendant from

enforcing Georgia Election Code O.C.G.A. § 21-2-193 (2010)  in the 2020 Georgia

Republican presidential primary election;

(B)     Require Defendant to print the name of Plaintiff De La Fuente on the

2020 Georgia Republican presidential primary election ballot;

(C)     Enter permanent injunctive relief against Defendant from enforcing

Georgia Election Code O.C.G.A. § 21-2-193 (2010)  in future presidential primary

elections;

(D)     Declare Georgia Election Code O.C.G.A. § 21-2-193 (2010)

unconstitutional;

(E)     Award Plaintiff the cost of this action together with Plaintiff's

reasonable attorney fees and expenses pursuant to 42 U.S.C. § 1988; and,

(F)     Retain jurisdiction of this action and grant Plaintiff such other relief

which in the determination of this Honorable Court to be necessary and proper.

Respectfully submitted,


Dated:  November 22, 2019          **CHANCO SCHIFFER LAW, LLC**

/s/ Douglas B. Chanco, Esq.
DOUGLAS B. CHANCO, ESQ.
Ga. Bar No. 139711
JOSHUA G. SCHIFFER, ESQ.
Ga. Bar No. 642727
3355 Lenox Rd. NE  Ste. 750
Atlanta, Georgia 30326
Telephone: 404.842.0909
Facsimile:  404.719.4273
doug@csfirm.com
josh@csfirm.com